UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MOHAMODOU FYE,                                            Civil Action No.:

                        Plaintiff,

       -against-                                       **COMPLAINT**

BAEZ HUGHES DEVELOPMENT CORP.,
VALDESIA GARDENS LLC, 320 E 176th STREET LLC,   **JURY TRIAL REQUESTED**
LEOPOLDO BAEZ and JOHN DOE,

                        Defendants.
------------------------------------------------------------------------X

       Plaintiff, Mohamodou Fye, by and through his attorneys, Law Offices of Yale Pollack, P.C., complaining of Defendants, Baez Hughes Development Corp., Valdesia Gardens LLC, 320 E 176th Street LLC, Leopoldo Baez and John Doe (collectively "Defendants"), alleges the following:

## NATURE OF THE ACTION

       1.     Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, to remedy violations of the wage-and-hour provisions of Defendants.

       2.     Plaintiff also brings this action to remedy Defendants' violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.* and the supporting New York State Department of Labor regulations.

       3.     Plaintiff also brings this action against Defendants for his common law claims for unjust enrichment and quantum meruit.

## JURISDICTION AND VENUE

       4.     This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

5. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

7. Plaintiff is an adult individual who resides in the County of Bronx, State of New York.

8. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

9. Defendant Baez Hughes Development Corp. ("Baez") is a domestic corporation, having its principal place of business located in the County of Bronx, State of New York.

10. Defendant Valdesia Gardens LLC ("Valdesia") is a domestic limited liability corporation, having its principal place of business located in the County of Bronx, State of New York.

11. Defendant 320 E 176th Street LLC ("320 E") is a domestic limited liability corporation, having its principal place of business located in the County of Bronx, State of New York.

12. At all times relevant to this action, Baez, Valdesia and 320 E (the "Corporate Defendants") were each an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

13. Upon information and belief, each of the Corporate Defendants have (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

14. Upon information and belief, Defendant Leopoldo Baez ("Leopoldo") is an individual who resides in the State of New York.

15. Upon information and belief, Defendant John Doe ("Doe") is an individual who resides in the State of New York.

16. Upon information and belief, Leopoldo and Doe (the "Individual Defendants") are officers, directors and/or shareholders of Baez.

17. Upon information and belief, the Individual Defendants are members, officers, directors and/or shareholders of Valdesia.

18. Upon information and belief, the Individual Defendants are members, officers, directors and/or shareholders of Valdesia.

19. At all relevant times, the Individual Defendants maintained control, oversight and the direction of Baez.

20. At all relevant times, the Individual Defendants maintained control, oversight and the direction of Valdesia.

21. At all relevant times, the Individual Defendants maintained control, oversight and the direction of 320 E.

22. The Individual Defendants held the power and authority to hire and fire employees, control employee work schedules, set employee wage rates, and maintain employee pay records of Baez.

23. The Individual Defendants held the power and authority to hire and fire employees, control employee work schedules, set employee wage rates, and maintain employee pay records of Valdesia.

24. The Individual Defendants held the power and authority to hire and fire employees, control employee work schedules, set employee wage rates, and maintain employee pay records of 320 E.

25. The Individual Defendants are persons engaged in business in Bronx County and are sued individually in their capacities as owners, officers, members and/or agents of the Corporate Defendants.

26. The Individual Defendants maintained operational control of the Corporate Defendants throughout Plaintiff's employment.

27. The Individual Defendants would provide the checks and/or cash to Plaintiff for his services.

28. Defendants jointly employed Plaintiff at all relevant times.

29. Each Defendant had substantial control over Plaintiff's working conditions and the practices alleged herein.

## FACTUAL ALLEGATIONS

30. Plaintiff worked for Defendants as a security guard from April 24, 2021 until August 4, 2023.

31. Leopoldo controlled Plaintiff's working conditions, including telling him where to be, the hours he was to work, the duties he was to perform, and the pay he was to receive.

32. Plaintiff primarily worked at the building located on East 149th Street, Prospect Avenue, Bronx, New York (the "Building").

33. The Building was a commercial building that was being constructed during Plaintiff's employment so that Plaintiff could protect the equipment contained therein to construct the Building.

34. The Building was owned, managed and/or operated by Defendants.

35. At no time was Plaintiff required to clock in or clock out during his employment by Defendants.

36. During his employment, Plaintiff worked as a security guard for Defendants on Mondays through Thursdays from 4:00 p.m. until 7:00 a.m.

37. On the weekends, Plaintiff would arrive on Fridays 4:00 p.m. and would stay at the Building for the entire weekend on Fridays, Saturdays, Sundays and Mondays until being relieved at 7:00 a.m. on Mondays.

38. During the weekdays, when Plaintiff arrived at work at 4:00 p.m., he would make sure that the fence that surrounding the Building was secure.

39. Plaintiff would then remain in the booth for the rest of his shifts to prevent any intruders for entering the premises.

40. In order to sleep on the weekends, Plaintiff was provided an unfinished room with a mattress where he would be a provided a portable air conditioner for Springs and Summers and a portable heater for Falls and Winters.

41. When Plaintiff had to use the bathroom, he would use a port-a-potty contained on the Building's premises.

42. In exchange for his services, Plaintiff was paid $2,400 bi-weekly.

43. There was never an agreement between Plaintiff and Defendants that the $2,400 bi-weekly salary was intended to cover all hours worked, including those in excess of forty hours per workweek.

44. During his employment, Leopoldo would provide Plaintiff with his paychecks, which were issued to him at various times by one of the Corporate Defendants.

45. While employed by Defendants, Plaintiff lived in a basement of one of the buildings owned, maintained and/or operated by one of Defendants, located at 1400 Grand Concourse, Bronx, New York (the "Apartment").

46. While living in the basement of the Apartment, Leopoldo and his business partner, Doe, would demand that Plaintiff provide certain services at other buildings that they owned, maintained and/or controlled.

47. These buildings included addresses located at 2537 Decatur Avenue, Bronx, New York 10458 and 2057 Rayer Avenue, Bronx, New York 10457.

48. The duties that the Individual Defendants required Plaintiff to perform at the Residential Buildings in order to maintain his occupancy of the Apartment included, but were not limited to, taking out the garbage and painting apartments owned, maintained and/or operated by Defendants when tenants vacated their apartments to prepare them for new tenants.

49. Plaintiff was not compensated for the services he provided while working at the building where his Apartment was located or Residential Buildings where he was sent to perform similar duties.

50. Commencing in or about June 2022, Defendants stopped paying Plaintiff altogether for the services he was providing them.

51. As a result, Plaintiff had to rely on family and friends in order to maintain his livelihood between June 2022 and the time Plaintiff ceased performing work for Defendants in 2024.

52. Based on the schedule provided to him by Defendants, Plaintiff regularly worked over forty hours per workweek performing his tasks for them.

53. Plaintiff did not receive proper minimum wage during his employment with

Defendants.

54. Plaintiff did not premium pay for the workweeks in which he worked more than forty hours.

55. Plaintiff did not receive weekly wage statements reflecting all of his hours worked.

56. Because Defendants did not provide Plaintiff with complete and accurate paystubs, Plaintiff was kept in the dark about how much he should have been paid.

57. Had Defendants provided Plaintiff with a wage notice and weekly wage statements that contained his actual hours worked, Defendants would have (or should have) paid Plaintiff for all the hours he worked.

58. As such, Plaintiff was paid less because Defendants failed to give Plaintiff wage notice and statements that reflected any of the hours Plaintiff worked for Defendants, along with the hourly wage and overtime wages he was entitled to receive.

59. By failing to provide Plaintiff with wage statements identifying his actual hours worked, Defendants prevented Plaintiff from determining and seeking payment for his precise amount of unpaid hours.

60. As a result of Defendants' failure to provide the required wage statements, Plaintiff has incurred tangible, downstream harm.

61. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

62. The payments made by Defendants violated the FLSA and NYLL as they did not satisfy minimum and/or overtime wages, as well as spread of hours, entitling Plaintiff to his unpaid wages, liquidated damages, prejudgment interest, attorneys' fees and costs.

63. A more precise statement of the hours Plaintiff worked, and wages Plaintiff and the

received, may be made when Plaintiff obtains the records in the course of discovery Defendants are required to keep under the NYLL.

64. On the grounds of equitable tolling, the statute of limitations for all claims asserted by Plaintiff should be tolled due to the failure to provide appropriate and required notice of the law.

## COUNT ONE
**(Failure to Pay Minimum Wages – FLSA)**

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

67. Defendants were required to pay directly to Plaintiff at least the applicable minimum wage rates for all hours worked.

68. Defendants failed to pay Plaintiff the minimum wages to which he i entitled under the FLSA.

69. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.

70. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

71. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

72. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

73. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered

damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT TWO
**(Failure to Pay Overtime Wages – FLSA)**

74. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75. The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

76. During his employment, Plaintiff regularly worked overtime, without receiving any premium pay for hours worked in excess of forty per workweek.

77. At all relevant times, Defendants willfully, regularly, repeatedly, and knowingly failed to pay Plaintiff the required overtime wages to which he is entitled.

78. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## COUNT THREE
**(Failure to Pay Minimum Wages – NYLL)**

79. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

81. At all times relevant, Plaintiff was an employee of Defendants, and Defendants were employers of Plaintiff, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

82. Defendants have failed to pay Plaintiff the minimum hourly wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

83. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff the full minimum wage at a rate in New York State to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

84. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

85. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT FOUR
**(Failure to Pay Overtime Wages – NYLL)**

86. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

87. The NYLL requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

88. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

89. At all times relevant, Plaintiff was an employee of Defendants, and Defendants have been employers of Plaintiff, within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

90. Defendants have failed to pay Plaintiff the overtime wages to which he is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

91. Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff the unpaid overtime wages to the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

92. Through their knowing or intentional failure to pay overtime wages to Plaintiff, Defendants willfully violated the NYLL, Article 19, §§650 *et seq.*, and the supporting New York State Department of Labor Regulations.

93. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT FIVE
**(Failure to Pay Spread of Hours – NYLL)**

94. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95. During his employment, Plaintiffs worked a spread of more than ten hours in a workday.

96. Defendants willfully failed to compensate Plaintiff with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of his workday was more than ten hours, as required by New York law.

97. Through their knowing or intentional failure to pay Plaintiffs spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

98. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### COUNT SIX
### (Failure to Timely Pay – NYLL)

99. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100. The timely payment of wages provisions NYLL §191 and its supporting regulations apply to Defendants and protect Plaintiff.

101. At all relevant times, Plaintiff was a "manual laborer" within the meaning of New York Labor Law.

102. Defendants failed to pay Plaintiff on a timely basis as required by NYLL §191(1)(a).

103. Throughout his employment, when he was actually paid, Plaintiff was paid bi-weekly.

104. Due to Defendants violations of NYLL § 191(1)(a), Plaintiffs are entitled to recover from Defendants the amount of the delayed wages by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## COUNT SEVEN
**(Wage Notice Violations – NYLL)**

105. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

106. Defendants failed to furnish Plaintiff with wage notices as required by NYLL §195(1), in English or in the language identified by Plaintiff as his primary language, at the time of hiring and with any change in pay, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary

107. Due to Defendants' violations of NYLL §195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff with proper wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-b).

## COUNT EIGHT
**(Wage Statement Violations – NYLL)**

108. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

109. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages as required by NYLL §195(3), listing: the dates of work covered by that payment of wages;

name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

110.    Due to Defendants' violations of NYLL §195(3), Plaintiff is entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff with proper wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL §198(1-d).

## COUNT NINE
### (Quantum Meruit)

111.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

112.    Plaintiff performed services for Defendants, pursuant to which he was supposed to receive compensation.

113.    At all relevant times, Defendants knew that these services were being performed by Plaintiff and that Plaintiff expected to be paid for his services.

114.    Defendants accepted the benefit of Plaintiff's services without paying for them.

115.    By virtue of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but believed to be no less than $1,000,000.

## COUNT TEN
### (Unjust Enrichment)

116.    Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

117. Defendants performed services for Defendants pursuant to which he was supposed to receive wages.

118. Defendants were enriched by the services Plaintiff provided without payment at their own expense.

119. It is against equity and good conscience for Defendants to be enriched by Plaintiff's services and to retain the payment that Plaintiff is owed for his services.

120. By virtue of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but believed to be no less than $1,00,000.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which he has right to a jury trial.

## BCL §630 / LLCL §609 NOTICE AND DEMAND

Pursuant to New York Business Corporation Law ("BCL") §630 and/or New York Limited Liability Company Law ("LLCL") §609, Plaintiff hereby advises that he intends to hold the Corporate Defendants' top ten shareholders and/or members liable for the unpaid wages referenced herein. Further, Plaintiff demands that the Corporate Defendants permit an examination of their record of shareholders under BCL §624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

A. Awarding Plaintiff for the amount of unpaid wages under the FLSA and/or the NYLL, including unpaid minimum wages, overtime wages, and spread of hours;

B. Awarding Plaintiff liquidated damages in an amount equal to wages owed

pursuant to 29 U.S.C. §216(b) and liquidated damages and other statutory remedies pursuant to the NYLL;

    C.    Awarding Plaintiff damages on his common law claims for unjust enrichment and quantum meruit;

    D.    Awarding pre- and post-judgment interest as permitted under the law;

    E.    Awarding the costs of this action together with reasonable attorneys' fees; and

    F.    Granting such other and further relief as this Court deems necessary and proper.

Dated: February 24, 2025
       Syosset, New York

                        Respectfully submitted,
                        **LAW OFFICES OF YALE POLLACK, P.C.**

                        By: _____
                             Yale Pollack, Esq.
                        66 Split Rock Road
                        Syosset, New York 11791
                        (516) 634-6340
                        ypollack@yalepollacklaw.com
                        *Attorneys for Plaintiff*