**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
MOHAMODOU FYE,

                 Plaintiff,                    **Civ. No. 1:25-cv-01527**

      -against-                      **DEFENDANTS'**
                                              **ANSWER TO COMPLAINT**

BAEZ HUGHES DEVELOPMENT CORP., VALDESIA
GARDENS LLC, 320 E 176TH STREET LLC,
LEOPOLDO BAEZ AND JOHN DOE,

                 Defendants.
-------------------------------------------------------------------X

       Defendants BAEZ HUGHES DEVELOPMENT CORP. ("Baez Hughes"), VALDEISA

GARDENS LLC ("Valdesia Gardens"), 320 E 176TH STREET LLC ("E 176th Street"),

LEOPOLDO BAEZ ("Mr. Baez") AND JOHN DOE (collectively, "Defendants"), by undersigned

counsel Group Five Legal LLP, for its Answer to the February 24, 2025, Complaint ("Complaint")

of Plaintiff, Mohamodou Fye ("Plaintiff"), states as follows:

## NATURE OF THE ACTION

       1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint except

admits that Plaintiff states he brings this action pursuant to the Fair Labor Standards Act ("FLSA").

       2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint except

admit that Plaintiff states he brings this action pursuant to the New York Labor Law ("NYLL")

and supporting New York State Department of Labor Regulations.

       3.      Defendants deny the allegations contained in Paragraph 3 of the Complaint except

admit that Plaintiff states he brings this action pursuant to common law claims of unjust enrichment

and quantum meruit.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

5.      Paragraph 5 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

6.      Paragraph 6 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## PARTIES

7.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

9.      Defendants deny the allegations contained in Paragraph 9 of the Complaint except admits that Baez Hughes is a domestic corporation and previously had its principal place of business located on the County of Bronx, State of New York.

10.      Defendants admit to the allegations contained in Paragraph 10 of the Complaint.

11.      Defendants admit to the allegations contained in Paragraph 11 of the Complaint.

12.      Paragraph 12 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

13.      Paragraph 13 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

14.      Defendant admits to the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants admit to the allegations contained in Paragraph 16 of the Complaint as it relates to Mr. Baez and are without sufficient knowledge or information to form a belief as to the truth of the allegations related to John Doe.

17.     Defendants admit to the allegations contained in Paragraph 17 of the Complaint as it relates to Mr. Baez and are without sufficient knowledge or information to form a belief as to the truth of the allegations related to John Doe.

18.     Defendants admit to the allegations contained in Paragraph 18 of the Complaint as it relates to Mr. Baez and are without sufficient knowledge or information to form a belief as to the truth of the allegations related to John Doe.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint, except admit that Mr. Baez maintained control and oversight of Plaintiff's limited period of employment.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint, except admit that Mr. Baez maintained control and oversight of Plaintiff's limited period of employment.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint, except admit that Mr. Baez maintained control and oversight of Plaintiff's limited period of employment.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint, except admit that Mr. Baez maintained control and oversight of Plaintiff's limited period of employment.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, except admit that Mr. Baez is engaged in business in Bronx County.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants admit that Mr. Baez was one of the individuals who would pay Plaintiff for his services.

28.     Paragraph 28 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

## **FACTUAL ALLEGATIONS**

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint except admit that Plaintiff, at times, watched over the site at 569-575 Prospect Ave., Bronx, NY 10455 (the "Building").

31.     Defendants admit to the allegations contained in Paragraph 31 of the Complaint based on Plaintiff's work at the Building.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint except admit that Plaintiff, at times, watched over the Building.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint except admit that Plaintiff, at times, watched over the Building.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint except admit that the Building was owned by Valdesia Gardens.

35.     Defendants admit to the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint except admit that Plaintiff was provided a room at the Building with heating and cooling elements.

41.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint except admit that Plaintiff had access to a port-o-potty.

42.     Defendants are without sufficient knowledge or information at this juncture to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint except admits that Mr. Baez, would at times, provide Plaintiff with his paychecks issued by one of the corporate defendants.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint except admit that Plaintiff was provided with a room in the basement to live in one of the buildings owned, maintained and/or operated by one of the Defendants, located at 1400 Grand Concourse, Bronx, NY (the "Apartment").

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint except admit that Plaintiff would be asked to perform the occasional and limited service.

47.    Defendants deny the allegations contained in Paragraph 47 of the Complaint except admit that Plaintiff would be asked to perform the occasional and limited service at certain buildings located at Rayer Avenue including 2057 Rayer Avenue.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.    Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, except denies the allegations to the extent they suggest any wrongdoing by Defendants.

52.    Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.    Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.    Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.    Defendants are without sufficient knowledge or information at this juncture to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.    Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.    Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.    Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.    Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.    Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.    Paragraph 62 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

63. Paragraph 63 of the Complaint contains a statement to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

64. Paragraph 64 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## **COUNT ONE**
(Failure to Pay Minimum Wages - FLSA)

65. Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 65 herein.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

73. Paragraph 73 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## COUNT TWO
(Failure to Pay Overtime Wages - FLSA)

74.    Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 74 herein.

75.    Paragraph 75 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

76.    Defendants deny the allegations contained in Paragraph 76 of the Complaint

77.    Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## COUNT THREE
(Failure to Pay Minimum Wages - NYLL)

79.    Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 79 herein.

80.    Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.    Paragraph 81 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

82.    Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.    Paragraph 83 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

84.    Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.    Paragraph 85 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## COUNT FOUR
### (Failure to Pay Overtime Wages - NYLL)

86.    Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 86 herein.

87.    Paragraph 87 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

88.    Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.    Paragraph 89 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

90.    Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.    Paragraph 91 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

92.    Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.    Paragraph 93 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## COUNT FIVE
### (Failure to Pay Spread of Hours - NYLL)

94.    Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 94 herein.

95.    Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.    Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.    Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.    Paragraph 98 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## COUNT SIX
(Failure to Pay Spread of Hours - NYLL)

99.    Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 99 herein.

100.    Paragraph 100 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

101.    Paragraph 101 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Paragraph 104 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## COUNT SEVEN
(Wage Notice Violations - NYLL)

105.    Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 105 herein.

106.    Paragraph 106 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

107.    Paragraph 107 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## COUNT EIGHT
(Wage Statement Violations - NYLL)

108.    Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 108 herein.

109.    Paragraph 109 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

110.    Paragraph 110 of the Complaint asserts a legal conclusion to which no response is required, and to the extent that this paragraph sets forth allegations of fact, they are denied.

## COUNT NINE
(Quantum Meruit)

111.    Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 111 herein.

112.    Defendants deny the allegations contained in Paragraph 112 of the Complaint, and aver that Plaintiff did receive sufficient compensation for all services he performed.

113.    Defendants deny the allegations contained in Paragraph 113 of the Complaint, and aver that Plaintiff did receive sufficient compensation for all services he performed.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.

## COUNT TEN
(Unjust Enrichment)

116.    Defendants repeat and incorporate their responses to the foregoing paragraphs as if fully set forth to paragraph 116 herein.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint, and aver that Plaintiff did receive sufficient compensation for all services he performed.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.    Defendants deny the allegations contained in Paragraph 120 of the Complaint.

## JURY TRIAL DEMAND

Defendants aver that the Complaint states a demand for a jury trial to which no responsive pleading is required. To the extent a response is required, Defendants deny Plaintiff is entitled to any relief whatsoever and respectfully refer all matters of law to this Honorable Court.

## BCL §630 / LLCL §609 NOTICE AND DEMAND

Defendants aver that the Complaint states a demand pursuant to New York Business Corporation Law ("BCL") §630 and/or New York Limited Liability Company Law ("LLCL") §609 to which no responsive pleading is required. To the extent a response is required, Defendants deny Plaintiff is entitled to any relief or rights to examination whatsoever and respectfully refer all matters of law to this Honorable Court.

**THE "WHEREFORE"/PRAYER FOR RELIEF PARAGRAPH**

Defendants deny that Plaintiff is entitled to any relief whatsoever including, but not limited to, the relief sought in subparagraphs (A) through (F) in his "Wherefore" Paragraph in the Complaint.

**AFFIRMATIVE DEFENSES**

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

121.    Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

122.    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation, including but not limited to the statute of limitations contained in 29 U.S.C. § 255 and N.Y. Lab. Law § 198(3). Because any violations of the Fair Labor Standards Act ("FLSA") were not willful, ratified by Defendants, or in reckless disregard of the requirements of the FLSA, and, therefore, any claims must be measured against a two-year statute of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

123.    Plaintiff's claims are barred, in whole or in part, because he lacks standing, including, without limitation, he has not suffered any injury in fact and has not lost money or property, or has been made whole.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

124.    Plaintiff's claims are barred, in whole or in part, due to his failure to exhaust applicable statutory, administrative and/or contractual procedures and/or remedies, or otherwise failed to properly perfect a right of action against Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

125.    Plaintiff's claim is barred in whole or in part because he was fully paid the wages due to him, and therefore there was no "underpayment" to him.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

126.    At all times relevant hereto, Defendants have acted in good faith and have not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

127.    Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex* and *in pari delicto*.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

128.    Each and every action taken by Defendants with respect to Plaintiff was based upon reasonable factors.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

129.    Each and every action taken by Defendants with respect to Plaintiff was justified by business necessity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

130.    Plaintiff's claims may be barred to the extent the Plaintiff knowingly and intentionally did not complain of any alleged wage and hour violations to Defendants in bad faith to purposefully precipitate a claim.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

131.    Plaintiff's claims are barred, in whole or in part, by his failure to take reasonable steps to avoid, minimize, or mitigate any alleged damages, if any.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

132.    To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

133.    Plaintiff's claims are or may be barred by the doctrine of unclean hands.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

134.    Plaintiff's claims are barred, reduced, or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery and set-offs.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

135.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or limitations period.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

136.    To the extent Plaintiffs engaged in allegedly compensable activities without the actual or constructive knowledge of Defendants, Plaintiffs are not entitled to compensation for any such overtime hours worked. *See Kuebel v. Black & Decker Inc.*, 643 F.3d 353, 361 (2d Cir. 2011).

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

137.    Pursuant to NYLL § 198(1-b) and (1-d) and 12 N.Y.C.R.R. § 141, Defendants are not liable for a mere technical violation of those statutes, if applicable, because Defendants made complete and timely payments of all wages due to Plaintiff during Plaintiff's alleged employment with Defendants and, as such, Plaintiff suffered no actual injury as a result of any alleged failure

by Defendants to give Plaintiff the required wage notices and wage statements pursuant to NYLL § 195(1) and § 195(3).

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

138.   Pursuant to 12 N.Y.C.R.R. §141-1.5, Plaintiff was compensated in whole or in part, with the apartment provided by Defendants.

### AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE

139.   Plaintiff is precluded from recovering any amounts from Defendants where Defendants have paid Plaintiff all sums legally due under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Minimum Wage Act, N.Y. Labor Law §§ 650 *et seq.*, Article 6 of the New York Labor Law, N.Y. Labor Law §§ 190 *et seq.*, and all of their implementing regulations (collectively "Applicable Law").

140.   Defendant reserves the right to rely on any and all additional defenses which become available or appear during discovery proceedings in this action, and reserves the right to amend its Answer and Defenses for the purpose of asserting any such additional defenses.

**WHEREFORE**, Defendants respectfully request that this Court:

a.   Dismiss the Complaint in its entirety;

b.   Deny each and every demand, claim and prayer for relief contained in the Complaint; and

c.   Award to Defendants reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

d.   Grant such other and further relief as the Court may deem just and proper.

Dated: May 27, 2025
      New York, New York

                                        Respectfully,

                                        Group Five Legal LLP

                                        *Benjamin Yeamans*

                                        By: Benjamin Yeamans, Esq.
                                        *Attorneys for Defendants*
                                        11 Broadway, Suite 615
                                        New York, NY 10004
                                        Tel: 646.854.9076
                                        Ben.yeamans@groupfivelegal.com

To: Counsel of Record (via ECF)